**WOODS v. PERRY.**

Civ. A. No. 1009.

United States District Court
M. D. Tennessee, Nashville Decision.
Nov. 2, 1949.

38

John W. Crenshaw, Attorney, Office of the Housing Expediter, Atlanta, Ga., for plaintiff.

W. Cornelius Breedlove, Nashville, Tenn., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. That the defendant, Mrs. Martha Perry, at all times material hereto was landlord in relation to housing accommodations located at 1129 Cahal Avenue, Nashville, Tennessee.

2. That the defendant did demand and receive from Dorothy Todd, Sue Carroll, Willie Barton and Dimples Brannon, tenants occupying upstairs, three room apartment of housing accommodations located at 1129 Cahal Avenue, Nashville, Tennessee, the sum of $155.00 in excess of the legal maximum rent prescribed.

3. That the defendant did demand and receive from Albert T. Hyder, tenant occupying upper three rooms and hall of housing accommodations located at 1129 Cahal Avenue, Nashville, Tennessee, the sum of $106.00 in excess of the legal maximum rent prescribed.

4. That the defendant has not refunded to any of the tenants named in the Complaint any part or any sum collected in excess of the legal maximum rent for the use and occupancy of the aforesaid housing accommodations.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. That the defendant, in violation of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and Regulations issued pursuant thereto, collected from Dorothy Todd, Sue Carroll, Willie Barton and Dimples Brannon, tenants, $155.00 in excess of the legal maximum rent established and prescribed by said Act and Regulations during the period from March 1, 1948, to July 31, 1948.

3. That the defendant, in violation of the Housing and Rent Act of 1947, as amended, and Regulations issued pursuant thereto, collected from Albert T. Hyder, tenant, $106.00 in excess of the legal maximum rent established and prescribed by said Act and Regulations during the period from August 2, 1948, to October 31, 1948.

4. Plaintiff is further-entitled to a permanent injunction against defendant, restraining her, her agents, servants, employees, or any one acting directly or indirectly under her, from further violation of the said Act and Regulations, and a judgment against her for the court costs.

5. Judgment accordingly.